```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                             :
DARNELL L. WHYE, JR.,        :
                             :
         Petitioner,         :   Civ. No. 21-11788 (NLH)
                             :
    v.                       :   MEMORANDUM ORDER
                             :
THE ATTORNEY GENERAL OF THE  :
STATE OF NEW JERSEY, et al., :
                             :
         Respondents.        :
_____ :
```

APPEARANCE:

Darnell L. Whye, Jr.
3207030/1002440
75 Aberdeen Place
Woodbury, NJ 08096

    Petitioner Pro se

Jill S. Mayer, Acting Camden County Prosecutor
Maura Murphy Sullivan, Acting Assistant Prosecutor
Camden County Prosecutor's Office
200 Federal Street
Camden, NJ 08210

    Counsel for Respondent

HILLMAN, District Judge

    WHEREAS, Petitioner Darnell L. Whye, Jr., filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Superior Court of New Jersey, Law Division, Camden County, see ECF No. 1; and

    WHEREAS, the Court ordered Respondents to file an answer on June 4, 2021, ECF No. 2; and

WHEREAS, Respondent moved to dismiss the petition as unexhausted. ECF No. 7. According to Respondent, the New Jersey Superior Court Appellate Division is currently reviewing Petitioner's appeal from the denial of his post-conviction relief petition. Id.; and

WHEREAS, section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); and

WHEREAS, Petitioner did not file opposition to Respondent's motion to dismiss; however, it appears he is still in the process of exhausting his state court remedies; and

WHEREAS, the Court concludes that the § 2254 proceedings should be stayed pending exhaustion rather than dismissed. See Rhines v. Weber, 544 U.S. 269 (2005). Petitioner's claims of ineffective assistance of counsel are not plainly meritless, and prisoners are permitted to file "protective petitions" in federal court in certain circumstances. See Pace v.

DiGuglielmo, 544 U.S. 408, 426-17 (2005); Gerber v. Varano, 512 F. App'x 131, 135 (3d Cir. 2013) (per curiam) ("Stay and abey is available even when a petitioner has exhausted none of the claims in his petition." (citing Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009))).  The Court makes no timeliness decision under 28 U.S.C. § 2244(d)(1), but staying the petition would preserve Petitioner's original filing date of May 26, 2021; and

WHEREAS, there is no indication Petitioner engaged in intentionally dilatory litigation tactics as he is actively litigating his claims in state court.  Therefore, the Court concludes that a stay of the proceedings is appropriate.  The motion to dismiss shall be denied; and

WHEREAS, the Clerk of Court will be ordered to administratively terminate this petition.  Administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases); and

WHEREAS, Petitioner shall file a notice with the Court within 30 days of completing state court exhaustion.  The Clerk will reopen the matter when Petitioner informs the Court that he has exhausted his state court remedies and the Court will issue an amended order to answer at that time,

THEREFORE, IT IS on this 15th day of February, 2022

ORDERED that Respondent's motion to dismiss, ECF No. 7, shall be, and the same hereby is, denied; and it is further

ORDERED that the case shall be, and hereby is, stayed pending state court exhaustion.  Rhines v. Weber, 544 U.S. 269 (2005); and it is further

ORDERED that Petitioner shall file a notice with the Court within 30 days of completing state court exhaustion; and it is further

ORDERED that the Clerk shall reopen this matter upon receipt of Petitioner's notice; and it is finally

ORDERED that the Clerk shall send a copy of this Order to Petitioner by regular mail and administratively terminate this case.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

4